# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In re:

Madelyn Renee Sartain

Debtor.

: Case No.: 11-56738
:
: Chapter 13
:
: Judge Preston

## DEBTOR'S MOTION TO AVOID JUDICIAL LIENS ON REAL PROPERTY PURSUANT TO 11 U.S.C. §522(f)(1)(A)

Now comes the Debtor, Madelyn Renee Sartain (the "Debtor"), by and through the undersigned counsel, and hereby moves this Court, pursuant to 11 U.S.C. 522(f)(1)(A), to avoid the judicial liens of Dianna Leimbach ("Leimbach") and Huntington National Bank ("HNB") to the extent said liens impair the exemptions of the Debtor. A Memorandum in Support is attached.

Respectfully submitted,

/s/ Sondra O. Bryson
Sondra O. Bryson (0083871)
Bryson Legal, LLC
844 S. Front St.
Columbus, OH 43206
Telephone: (614) 221-5379
Facsimile: (614) 443-7463
sbryson@brysonlegalohio.com
Attorney for the Debtor

## MEMORANDUM IN SUPPORT

**A.    BACKGROUND INFORMATION**

1.    The Debtor commenced this proceeding by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on June 27, 2011 (the "Petition Date"). Her Plan was confirmed October 20, 2011.

1

2. As indicated on Schedule A of the Debtor's Schedules of Assets and Liabilities (the "Schedules"), as of the Petition Date, the Debtor was the owner of a fee simple interest in the real property located at 6510 Royal Dublin Court, Dublin, OH 43016 (the "Real Estate"). A true and accurate copy of the Deed for the Real Estate is attached hereto as Exhibit A.

3. As of the Petition Date, the Real Estate was valued at $280,000.00. This value was determined by an appraisal completed by James Smoot. A true and accurate copy of the appraisal is attached hereto as Exhibit B.

4. As of the Petition Date, the Real Estate was subject to the following mortgages/liens in the amounts specified and in the relative priority set forth below:

  a. A mortgage dated October 23, 2003, in favor of M/I Financial Corp., in the original amount of $271,100.00 (the "First Mortgage"). The First Mortgage was filed of record in the Office of the Recorder, Franklin County, Ohio in Instrument No. 200311030350980 on November 3, 2003. A true and accurate copy of the First Mortgage is attached hereto as Exhibit C. The First Mortgage was later assigned to Mortgage Electronic Registration Systems, Inc. and its successors and assigns as nominee for Great Western Bank by way of an Assignment of Mortgage that was filed of record in the Office of the Recorder, Franklin County, Ohio in Instrument No. 200311030350982 on November 3, 2003. A true and accurate copy of the Assignment is attached as Exhibit D. The First Mortgage was subsequently assigned to Freedom Mortgage by way of an Assignment of Mortgage that was filed of record in the Office of the Recorder, Franklin County, Ohio in Instrument No. 200808110121947 on August 11, 2008. A true and accurate copy of the Assignment is attached as Exhibit E. A Corrective Assignment of Mortgage

2

was filed in the Office of the Recorder, Franklin County, Ohio in Instrument No. 201008040098874 on August 4, 2010 to correct the name of the assignee to Freedom Mortgage Corporation. A true and accurate copy of the Corrective Assignment is attached as Exhibit F. According to Proof of Claim No. 15, there was $238,908.41 due and owing on the First Mortgage as of the Petition Date. A true and accurate copy of Proof of Claim No. 15 is attached as Exhibit G;

b. A mortgage dated October 23, 2003, in favor of M/I Financial Corp., in the original amount of $33,850.00 (the "Second Mortgage"). The Second Mortgage was filed of record in the Office of the Recorder, Franklin County, Ohio in Instrument No. 200311030350984 on November 3, 2003. A true and accurate copy of the Second Mortgage is attached hereto as Exhibit H. The Second Mortgage was later assigned to Countrywide Home Loans, Inc. by way of a Corporation Assignment of Mortgage that was filed of record in the Office of the Recorder, Franklin County, Ohio in Instrument No. 200311030350989 on November 3, 2003. A true and accurate copy of the Assignment is attached as Exhibit I. Though no assignment has been filed, this mortgage is being serviced by Bank of America. As of the Petition Date, there was $30,826.24 due and owing on the Second Mortgage.

c. A certificate of Judgment in favor of Huntington National Bank, in the original amount of $159,058.00, plus costs and interest (the "HNB CJ"). The HNB CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>Huntington National Bank v. Sartain, et al.</u>, Case No. 07 JG

025913, filed on October 1, 2007. A true and accurate copy of the court's docket is attached hereto as Exhibit J.

d. A certificate of Judgment in favor of Dianna L. Leimbach, in the original amount of $1,110.00, plus costs and interest (the "Leimbach CJ"). The Leimbach CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>Dianna L. Leimbach v. Sartain.,</u> Case No. 2009 JG 042412, filed on October 21, 2009. A true and accurate copy of the Leimbach Certificate of Judgment is attached hereto as Exhibit K.

e. A certificate of Judgment in favor of the State of Ohio Department of Taxation of $4,258.34, plus costs and interest. This CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>State of Ohio Department of Taxation v. Sartain,</u> Case No. 11 JG 08038, filed on February 22, 2011.

f. A certificate of Judgment in favor of the State of Ohio Department of Taxation of $3,032.79, plus costs and interest. This CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>State of Ohio Department of Taxation v. Sartain,</u> Case No. 11 JG 08053, filed on February 22, 2011.

g. A certificate of Judgment in favor of the State of Ohio Department of Taxation of $12,354.12, plus costs and interest. This CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>State of Ohio Department of Taxation v. Sartain,</u> Case No. 11 JG 08099, filed on February 22, 2011.

    h. A certificate of Judgment in favor of the State of Ohio Department of Taxation of $378.30, plus costs and interest. This CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>State of Ohio Department of Taxation v. Sartain,</u> Case No. 11 JG 08175, filed on February 22, 2011.

    i. A certificate of Judgment in favor of the State of Ohio Department of Taxation of $833.10, plus costs and interest. This CJ is filed in the Franklin County, Ohio, Court of Common Pleas in the judgment case of <u>State of Ohio Department of Taxation v. Sartain,</u> Case No. 11 JG 08899, filed on February 22, 2011.

    j. A Federal Tax Lien in favor of the Internal Revenue Service in the original amount of $2,600.61 and filed in the Office of the Recorder, Franklin County, Ohio in Instrument No. 201106220077958 on June 22, 2011.

5. Pursuant to Ohio Revised Code 2329.66(A)(1), the Debtor claims an exemption of $21,625.00 in the Real Estate. <u>See</u> Schedule C.

6. No objections to the Debtor's claim of exemption have been filed in this case or received by counsel for the Debtor.

**B. LAW AND ARGUMENT**

A debtor may avoid a judicial lien to the extent it impairs an exemption, pursuant to 11 U.S.C. 522(f)(1)(A), which provides:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien....

5

11 U.S.C. 522(f)(1)(A); In re Smith, 267 B.R. 568, 570 (Bankr. S.D. Ohio 2001). A judicial lien is defined in 11 U.S.C. 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The HNB CJ and the Leimbach CJ were obtained through legal proceedings initiated by the Creditor that resulted in a judgment encumbering the Real Estate. Thus, both the HNB CJ and the Leimbach CJ are judicial liens pursuant to 11 U.S.C. 101(36).

In order to determine whether a judicial lien impairs a debtor's exemption, a calculation must be made according to the formula provided in 11 U.S.C. 522(f)(2)(A):

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"However, 522(f) provides that a judicial lien may be avoided only 'to the extent that' it impairs an exemption." Tedeschi v. Falvo (In re Falvo), 227 B.R. 662, 666 (6th Cir. BAP (Ohio) 1998). Where the impairment amount exceeds the amount of the lien to be avoided, the lien is avoidable in full. See, In re Smith, 267 B.R. at 577.

Employing the formula contained in 11 U.S.C. §522(f)(2)(A), the judicial liens of both creditors impair the Debtor's exemption in the Real Estate, wherefore the judicial liens are avoidable pursuant to 11 U.S.C. §522(f)(2)(A). The exemption impairment is calculated as to HNB as follows:

| | |
|---|---|
| a. Amount of Judicial Lien (HNB CJ) | $ 159,059.00 |
| b. Amount of all other liens | $ 294,301.94 |
| c. Value of Exemptions | $ 21,625.00 |
| d. Total of all liens (a+b+c) | $ 474,985.90 |

Minus value of Debtor's
interest in Real Estate in absence

6

| | | |
|---|---|---|
| of liens: | - | $ 280,000.00 |
| Exemption Impairment | | $ 194,985.90 |

Because the Exemption Impairment exceeds the value of the HNB CJ in full ($194,985.90 Exemption Impairment > $159,059.00), the HNB CJ fully impairs the Debtor's exemption on the Real Estate. Therefore, the HNB CJ may be avoided by the Debtor in its entirety pursuant 11 U.S.C. 522(f)(1)(A).

The exemption impairment is calculated as to Leimbach as follows:

| | | |
|---|---|---|
| a. Amount of Judicial Lien (Leimbach CJ) | $ | 1,110.00 |
| b. Amount of all other liens | $ | 452,250.90 |
| c. Value of Exemptions | $ | 21,625.00 |
| d. Total of all liens (a+b+c) | $ | 474,985.90 |
| Minus value of Debtor's interest in Real Estate in absence of liens: | - | $ 280,000.00 |
| Exemption Impairment | | $ 194,985.90 |

Because the Exemption Impairment exceeds the value of the Leimbach CJ in full ($194,985.90 Exemption Impairment > $1,110.00), the Leimbach CJ fully impairs the Debtor's exemption on the Real Estate. Therefore, the Leimbach CJ may be avoided by the Debtor in its entirety pursuant 11 U.S.C. 522(f)(1)(A).

Upon an order granting this Motion and entry of a Chapter 13 Discharge order in the instant case, the judicial lien of the Creditors on the Real Estate will be avoided. If the Creditors fail to timely release the judicial lien, the Debtor may submit an order granting this Motion to the applicable court or recorder's office as evidence of the release of the judicial liens.

C.   **CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that the Court issue an Order

1.   avoiding the judgment lien of Huntington National Bank in its entirety as to the Real Estate owned by the Debtor, pursuant to 11 U.S.C. 522(f)(1);

2. avoiding the judgment lien of Dianna Leimbach in its entirety as to the Real Estate owned by the Debtor, pursuant to 11 U.S.C. 522(f)(1); and

2. granting such other and further relief as is appropriate.

>Respectfully submitted,
>/s/ Sondra O. Bryson_____
>Sondra O. Bryson  (0083871)
>Bryson Legal, LLC
>844 South Front Street
>Columbus, OH 43206
>Telephone: (614)221-5379
>Fax: (614) 443-7463
>sbryson@brysonlegalohio.com
>*Attorney for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In re:

|   |   |   |
|---|---|---|
|   | : | Case No.: 11-56738 |
| Madelyn Renee Sartain | : |   |
|   | : | Chapter 13 |
|   | : |   |
| Debtor. | : | Judge Preston |

**DEBTOR'S MOTION TO AVOID JUDICIAL LIEN ON REAL PROPERTY PURSUANT TO 11 U.S.C. §522(f)(1)(A)**

The Debtor has filed papers with the court seeking to avoid judicial liens pursuant to 11 U.S.C. 522(f)(1).

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to 170 North High Street, Columbus, Ohio 43215, OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date. You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to Sondra O. Bryson, 844 S. Front St., Columbus, Ohio 43206 and to the parties listed on the certificate of service.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief without further hearing or notice.

## **CERTIFICATE OF SERVICE**

      I hereby certifiy that a copy of the foregoing DEBTOR'S MOTION TO AVOID JUDICIAL LIEN ON REAL PROPERTY PURSUANT TO 11 U.S.C. §522(f)(1)(A) was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court; (ii) by **ordinary U.S. Mail** on November 2, 2016 addressed to:

Frank M. Pees
Chapter 13 Trustee
130 E. Wilson Bridge Rd., Suite 200
Worthington, OH 43085

Madelyn Renee Sartain
6510 Royal Dublin Court
Dublin, OH 43016

Office of the U.S. Trustee
170 N. High St., Suite 200
Columbus, OH 43215

Dianna L. Leimbach
532 New Park Drive H
Marion, OH 43302

and (iii) by **Certified U.S. Mail**, return receipt requested on November 2, 2016 (served pursuant to Bankruptcy Rule 7004(h))::

Huntington National Bank
Attn: Stephen D. Steinour, CEO
17 South High St.
Columbus, OH 43216

   /s/  Sondra O. Bryson
   Sondra O. Bryson (0083871)